# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
Case No. 3:21-cv-00634-GCM

XPO LOGISTICS, INC.,

        Plaintiff,

v.

JOHN SCHROEDER,

        Defendant.

## CONSENT PROTECTIVE ORDER

WHEREAS, Plaintiff XPO Logistics, Inc. and Defendant John Schroeder (each, a "Party and collectively, the "Parties") through counsel, have determined that certain documents and information which will be produced during discovery and/or may be used during any deposition, hearing, or trial in this matter (the "Action") should be kept confidential to protect legitimate business interests and/or other proprietary information; and

The terms of this Consent Protective Order ("Protective Order") being agreed, it appearing that discovery and litigation of this Action will involve disclosure of certain confidential materials, and good cause appearing,

IT IS HEREBY ORDERED that:

1. A protective order restricting the use and dissemination of confidentialdocuments, materials, and testimony and information contained therein is necessary and appropriate to facilitate discovery and litigation of this Action.

2. For purposes of this Protective Order, any reference to "confidential" information or material shall include information, whether oral or in documents, electronically stored information, or tangible things, designated hereunder as either "Confidential" or "Confidential-Attorney's Eyes Only," including any information derived therefrom.

3. Any Party may designate ("Designating Party") documents, materials or testimony in this Action as "Confidential" if such party believes in good faith that such documents, information or testimony contain confidential information. If disclosure of a confidential document, materials or testimony, or information contained therein, to the party requesting it ("Receiving Party") poses a risk of competitive or business harm to the DesignatingParty, the documents, materials, or testimony may be classified as "Confidential – Attorney's Eyes Only." Any documents, materials, information or testimony that are matters of public record, or have been filed with any state or federal government, agency, regulatory body, or any court or proceeding, unless filed and currently maintained under seal or restricted from public access, do not qualify as confidential.

4. Any document, materials, or testimony designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall be produced, used and disposed of in accordance with the terms of this Protective Order.

5. Confidential material shall be used solely for the purposes of preparation for, trial of, or resolution of this Action, shall be used only by the Parties and their respective counsel, and shall not be used for any other purpose whatsoever, including but not limited to any other legal, business, proprietary, commercial or other purpose, nor shall it be disclosed to any third parties except in accordance with this Protective Order.

6. The designation of material as confidential material for purposes of this Protective Order shall be made in the following manner or such other means as the Parties agree in writing:

(a) In the case of documents, by stamping or writing "Confidential" or "Confidential – Attorney's Eyes Only" on the first page of the document at or before production. Provided, however, that for any documents produced prior to entry of this Order, any party that has previously produced information that should be treated as "Confidential" or as "Confidential – Attorney's Eyes Only" may designate such information as protected pursuant to the terms of this Order by written notice, sent by counsel to all parties within fourteen (14) business day after receiving a copy of this signed Order. If the document is not in paper form, the Designating Party shall use reasonable and clearly visible or explanatory means to identify the document as confidential; or

(b) In the case of depositions or other pretrial testimony: (1) by a statement on the record, by counsel, that such testimony shall be treated as "Confidential" or as "Confidential – Attorney's Eyes Only"; or (2) by written notice, sent by counsel to all parties within fourteen (14) business day after receiving a copy of the transcript thereof, that certain portions of the transcript shall be deemed "Confidential" or "Confidential – Attorney's Eyes Only".

7. The Parties agree to maintain all confidential material in confidence. The Parties further agree that all material designated as "Confidential" and information contained therein shall not, in any manner, in any form, in whole or in part, be shared or discussed with, disclosed, provided or produced to any person, entity or judicial tribunal other than:

(a) In-house corporate and outside counsel for any Party to the Action and their partners, associates, paralegals and clerical or administrative support staff;

(b) Parties, and employees, officers, and representatives of a Party who are assisting counsel in this Action;

(c) Experts or consultants (including their employees, associates and other support staff) retained by or assisting a Party to the Action for consultation or testimony in this Action;

(d) The Court and its personnel, including the court reporter(s) retained to record testimony or arguments in depositions or court proceedings;

(e) Any mediator or arbitrator appointed by the Court or engaged by the Parties;

(f) Persons noticed for depositions (provided that such persons may not retain confidential material); and

(g) Any other person ordered by the Court in the interest of justice or agreed upon in by writing by all parties, including the Designating Party.

8. Material designated as "Confidential – Attorney's Eyes Only" shall not, in any manner, in any form, in whole or in part, be shared or discussed with, disclosed, provided or produced to any person, entity or judicial tribunal other than:

(a) In-house corporate and outside counsel for any Party to the Action and their partners, associates, paralegals and clerical or administrative support staff;

(b) Experts or consultants (including their employees, associates and other support staff) retained by or assisting a Party to the Action for consultation or testimony in this Action;

(c) The Court and its personnel, including the court reporter(s) retained to record testimony or arguments in depositions or court proceedings;

(d) Any mediator or arbitrator appointed by the Court or engaged by the Parties; and

(e) Any other person ordered by the Court in the interest or justice or agreed upon in writing by all parties, including the Designating Party.

10. Each person to whom access is given to confidential material shall be advised by the Party giving access that such material is governed by the Protective Order, that such material is being disclosed pursuant to the terms of the Protective Order and that such material may not be disclosed or used in any way or manner by any person other than in accordance with the Protective Order.

11. Before disclosing any confidential material to any person or entity entitled to review such documents pursuant to the provisions of subparagraphs 7(c) and 7(e)-(g), 8(b) and 8(d)-(e), counsel making disclosure shall provide the person to whom disclosure is to be made with a copy of this Stipulation and Protective Order and obtain a certification, in the form attached as Exhibit A, acknowledging that he or she has read this Stipulation and Protective Order and will abide by its terms as a condition of disclosure, and will submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order. Copies of certifications signed by such persons shall be retained by counsel for the Party disclosing confidential material to those persons and, if a dispute arises concerning those persons' treatment of confidential material, copies of the certifications shall be produced to the Court.

12. The terms of this Protective Order shall govern the confidential material and any notes, lists, memoranda, indices, compilations, databases, etc., that are based wholly or in part

upon the examination of such confidential material and that also disclose or reference, in any way, the contents of confidential material. Nothing herein diminishes or otherwise affects the work product protection or other applicable privilege that otherwise may be afforded to such notes, lists, memoranda, indices, compilations, databases, etc.

13. The inadvertent production of any privileged or otherwise protected document or materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work product materials, or the subject matter thereof, or the protections afforded to materials designated "Confidential" or "Confidential – Attorney's Eyes Only" under the terms of thisorder. Upon receiving written notice from the producing person or entity that such materials, including copies or summaries thereof, have been inadvertently produced, all such materials shallbe returned to the producing person or entity immediately, and no later than within five (5) business days of receipt of such notice. The terms "inadvertent production" and "inadvertently produced" each mean production of documents or materials that were not specifically intended tobe disclosed by counsel, including the production of documents or materials inadvertently lacking the designation "Confidential" or "Confidential – Attorney's Eyes Only." This Order regarding inadvertent production shall be interpreted to provide the maximum protection provided by and in accordance with Federal Rule of Evidence 502(d).

14. If any Party to the Action disputes the designation by another Party of any document, materials or deposition or other transcript as confidential, the Parties shall attempt to resolve by agreement whether or on what terms the material is entitled to the designated treatment. In any event, the following shall be the resolution procedures applicable to Confidentiality designation disputes. If the Parties are unable to agree as to whether the

document, materials or deposition or other transcript is properly designated as confidential, counsel for the Party objecting to the designation may file an appropriate motion with the Court, seeking an order determining whether the material is entitled to confidential status. Until a final resolution of the dispute is achieved, either through consent or court order, all Parties shall treat the designated documents, materials or deposition or other transcripts according to the designation made by the Designating Party.

15. If confidential material is filed with the Court, attached to any papers filed with the Court, or quoted in any pleading filed with the Court, such confidential material and filings shall be filed under seal.

16. Nothing herein shall restrict the presentation of any evidence at trial or any other hearing; provided that such presentation shall not constitute a waiver of any restriction contained in this Protective Order.

17. This Protective Order has no effect upon, and shall not apply to (a) the parties' use of their own confidential material for any purpose or (b) documents, materials, or information designated as confidential that have been obtained lawfully by a party independently of the discovery proceedings in this Action.

18. The ultimate disposition of confidential material is subject to a final order of the Court on the completion of litigation. Subject to the Court's approval and order, the parties agree that all confidential material and all copies thereof may be disposed of by either returning the confidential material to the Designating Party or certifying the destruction of the confidential material within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Action. This obligation extends to all copies of confidential material in a Party's possession, custody and control and in the possession, custody and control

of persons and entities to whom that Party has distributed copies of confidential material. If any confidential material is furnished to any expert or to any other person, counsel for the providing Party shall ensure that all confidential material is returned. Counsel for the parties need not dispose of confidential material that is reflected in attorney work product or that has become part of the court record in the Action (by use as an exhibit, inclusion in a court filing, or by inclusion in the record on appeal), provided that it shall remain subject to the terms of the Protective Order.

19. The Parties' obligations under the terms of this Protective Order shall survive resolution of this Action and/or termination of this Protective Order and shall be binding on the Parties' successors or assigns.

20. The Parties agree that the production of confidential material, documents, or ESI by any non-party to the Action, pursuant to subpoena or by agreement, shall be subject to and governed by the terms of this Protective Order, with the producing non-party having the same protections and rights as the Parties.

21. The Parties agree that this Protective Order will operate as a contract between the parties and bind them from the date of its execution by their undersigned attorneys, irrespective of when and whether it is executed and entered by the Court.

22. The designation of material as Confidential under this Protective Order – or consent to such a designation or failure to object to such a designation by any Party – shall not be evidence of the proprietary or confidential nature of any documents or evidence on the merits of the underlying lawsuit. The purpose of this Protective Order is to facilitate discovery and litigation of this Action, and not as evidence of any admission by any Party of the confidential or proprietary nature of any documents or evidence.

Signed: December 7, 2021

*(signature)*
Graham C. Mullen
United States District Judge

APPROVED AND AGREED TO:

    /s/ Douglas M. Jarrell
David C. Wright, III
N.C. Bar No. 11161
Douglas M. Jarrell
N.C. Bar No. 21138

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
704.377.2536

*Attorneys for Plaintiff XPO Logistics, Inc.*

    /s/ Edward B. Davis
Edward B. Davis
N.C. Bar No. 227546

BELL, DAVIS & PITT, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202

*Attorney for Defendant John Schroeder*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:21-cv-00634-GCM

| | |
|---|---|
| XPO LOGISTICS, INC.,<br><br>                     Plaintiff,<br><br>   v.<br><br>JOHN SCHROEDER,<br><br>                     Defendant. | **EXHIBIT A**<br><br>**CERTIFICATION** |

      I acknowledge that I have read and understand the Consent Protective Order (the "Order") entered by the Court on _____, 2021, and agree to abide by its terms and conditions. I subject myself to the jurisdiction and venue of the United States District Court for the Western District of North Carolina for purposes of enforcement of this Order.

_____
Signature

_____
Print Name

_____
Address

_____

_____
Telephone